Wanja S. Guy (SBN 275734)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 1100
Irvine, California 92614
Telephone:  949.862.4669
Facsimile:  901.492.5641
Email:      wanja.guy@fedex.com

Attorney for Defendant,
FEDERAL EXPRESS CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH GONZALEZ, individually and on behalf of himself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, a Delaware Corporation; and DOES 1 to 50 inclusive,<br><br>Defendants. | **Case No. 5:26-cv-01498**<br><br>[San Bernardino County Superior Court Case No.: CIVSB2603785]<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Concurrently filed with: Civil Case Coversheet, Notice of Interested Parties, Notice of Related Cases, Corporate Disclosure Statement, Declarations of Shahram A. Eslami, Gabriel Hernandez, and Wanja S. Guy<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed: February 13, 2026<br>Trial Date:        Not Yet Set |

**TO ALL PARTIES, THEIR ATTORNEYS, AND THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant Federal Express Corporation

1

(hereinafter "Defendant" or "FedEx"), removes this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. As discussed below, this Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA").

## I.   THE STATE COURT ACTION

1.   On or about February 13, 2026, Plaintiff Joseph Gonzalez ("Plaintiff") filed a Complaint in the Superior Court of California, County of San Bernardino entitled *Joseph Gonzalez v. Federal Express Corporation,* SBSC Case No. CIVSB2603785. (Declaration of Wanja S. Guy, ("Guy Decl."), ¶ 2, Ex. 1, hereinafter the "Complaint.") Plaintiff sues FedEx and Does 1-50 for the following causes of action: (1) Discrimination Based On Disability In Violation Of FEHA (Cal. Gov't Code § 12940(a)); (2) Failure To Reasonably Accommodate Disability In Violation Of FEHA (Cal. Gov't Code § 12940(m)); (3) Harassment In Violation Of FEHA (Cal. Gov't Code § 12940(j)); (4) Retaliation In Violation Of FEHA (Cal. Gov't Code § 12940(h)); (5) Failure To Prevent Harassment, Discrimination, Or Retaliation In Violation Of FEHA (Cal. Gov't Code § 12940(k)); (6) Failure To Engage In The Interactive Process In Violation Of FEHA (Cal. Gov't Code § 12940(n)); (7) Intentional Infliction Of Emotional Distress; (8) Wrongful Termination In Violation Of Public Policy; (9) Failure To Pay Minimum Wages (Cal. Labor Code §§ 1194,1197, 1197.1); (10) Failure To Pay Overtime (Cal. Labor Code §§ 510, 11981; (11) Failure To Provide Lawful Meal Periods (Cal. Labor Code §§ 226.7 and 512(a)); (12) Failure To Authorize And Permit Rest Periods (Cal. Labor Code § 226.7; (13) Failure To Timely Pay Wages During Employment (Cal. Labor Code §§ 204, 210); (14) Failure To Timely Pay Wages Owed Upon Separation From Employment (Cal. Labor Code §§ 201, 202, 203); (15) Failure To Reimburse Necessary Business Expenses (Cal. Labor Code §§ 2800, 2802); (16) Failure To Provide Accurate And Itemized Wage Statements (Cal. Labor Code § 226(A)); And (17) Violation Of The

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

Unfair Competition Law. *See generally,* the Complaint.

2.    Plaintiff served the Complaint on FedEx on February 25, 2026. (Guy Decl., ¶¶ 2, Ex 2.)

3.    On March 26, 2026, FedEx filed and served an Answer to the Complaint in the Superior Court of San Bernardino County. (Guy Decl., ¶ 4, Ex. 7.)

4.    Pursuant to 28 U.S.C. § 1146(a), attached as Exhibits 1-7 is all process, pleadings, served on FedEx in this action. (Guy Decl., ¶ 5.)

## II.    TIMELINESS OF REMOVAL

5.    28 U.S.C. § 1453(b) provides that "[a] class action may be removed to a district court of the United States in accordance with section 1446 . . . [,]" 28 U.S.C. § 1446(b)(2)(B), in turn provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file a notice of removal. The 1-year limitation under section 1146(c)(1) does not apply to the removal of a class action lawsuit. *See* 28 U.S.C. § 1453(b). Pursuant to F.R.C.P. 6(a)(1)(C), if the deadline falls on a weekend, then the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. As set forth above, Plaintiff served the Complaint on FedEx on February 25, 2026. The 30th day from February 25, 2026, falls on March 27, 2026. As such, this removal is timely.

## III.    REMOVAL TO THIS COURT IS PROPER UNDER CAFA

6.    28 U.S.C. § 1332(d)(2), added pursuant to CAFA, confers district courts with original jurisdiction over class actions in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which[,] [as relevant here,] . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *See also Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1027-28 (C.D. Cal. 2017). CAFA also requires that there be 100 or more "members of all proposed plaintiff classes in the aggregate." 28 U.S.C. § 1332(d)(5)(B). FedEx's removal of the action to this Court is proper because each of these requirements is satisfied, as detailed below. 28 U.S.C. §§1453, 1446; *see*

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (recognizing that "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively.")

A.    **The Matter in Controversy Exceeds the Sum or Value of $5 Million, Exclusive of Interests and Costs.**

7.    CAFA requires that the amount in controversy exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. 28 U.S.C. § 1332(d)(6). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 40. The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 40-41 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case. . . .").

8.    CAFA's amount in controversy requirement is based on the aggregate value of all the claims of the putative class members.[1] An action may be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014).

---

[1] E.g., *Ritenour*, 228 F.Supp.3d at 1029 ("Defendant has identified at least 611 non-exempt employees who worked in California during the alleged class period and are no longer employed by Defendant, and who therefore would be entitled to at least $4,657.50 per day if Plaintiffs' allegations were meritorious. As a result, Plaintiffs' fifth cause of action puts at least $2,845,732.50 in controversy." (citation omitted)).

4

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

9.     To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must establish that it is "more likely than not" that the amount in controversy exceeds that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (citation omitted).

10.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotation marks and citation omitted); see also *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (recognizing "the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

11.     It is well settled that "the court must accept as true plaintiff's allegations as pled in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs., LLC*, No. CIV S-07-0325 FCD EFB, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

12.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez*, 372 F.3d at 1117; *see also Rodriguez v. AT&T Mobility Servs., LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

13.     If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought. She did not.

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("District Courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint." (citation omitted)); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

14.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

15.     In the instant action, Plaintiff alleges "[he] was employed by FedEx beginning on or about October 25, 2022, as a Package Handler" until July 2025.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

6

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Complaint, ¶¶ 22, 36. Plaintiff claims he was at all times relevant employed as an hourly paid or non-exempt employee. *Id.*, at ¶ 15. Plaintiff alleges FedEx has "a systematic scheme of wage abuse against their hourly-paid or non-exempt employees," including various claims of meal and rest break violations, requiring Plaintiff and the putative class to perform work off the clock without compensation, prohibiting Plaintiff and the putative class from accurately reporting their hours worked, requiring Plaintiff and the putative class to undergo security checks after clocking out for their shifts without compensation, and other related and derivative wage and hour claims. *See generally,* Complaint, General Allegations, at ¶¶ 42-61.

16.    Plaintiff does not limit the putative class to his Package Handler position, but instead seeks certification of a class that includes "all persons who are or were employed by the Defendant as hourly paid, non-exempt employees in the State of California at any time from four years prior to the filing of this action through resolution or trial of the matter [.]" Complaint, ¶ 65.

17.    From February 13, 2023, to March 16, 2026, FedEx employed **86,321** hourly, non-exempt Package Handlers, part-time and full-time, in California. (Declaration of Gabriel Hernandez, (Hernandez Decl.), ¶ 6.) This number does not include the full class alleged.

18.    As set forth below, the alleged amount in controversy implicated by the class-wide allegations for alone easily exceeds the $5 million threshold. Simply dividing $5,000,000 by the 86,321 Package Handlers results in $57.92 in controversy per Package Handler ($5,000,000/86,32 = $57.92). Combining Plaintiff's various and extensive unpaid wage claims, claims for penalties, attorney's fees, etc., and rightfully assuming 100% violation rates for the various allegations, there is simply no way there is less than $57.92 per Package Handler, which, again, does not even include the full class alleged.

19.    All calculations supporting the amount in controversy are based on Plaintiff's allegations, assuming, without any admission, the truth of the facts alleged

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

and assuming liability is established.

///

### B.   Plaintiff's Claim for Failure to Timely Pay Wages Upon Termination Alone is Sufficient to Meet the Amount in Controversy

20.   Plaintiff's Fourteenth Cause of Action alleges FedEx "willfully" failed to timely pay Plaintiff and Class Members who are no longer employed by Defendants all of their wages, earned. . . within seventy-two (72) hours of their leaving Defendants' employ. Complaint, ¶¶ 180. California Labor Code § 203(a) provides that, "[i]f an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty" from the date such wages were due until the date paid. However, Labor Code § 203(a) provides that such wages "shall not continue for more than 30 days."

21.   The alleged limitations period for potential claims under Labor Code § 203 would be from February 13, 2023, to the present. *See Pineda v. Bank of Am., N.A.*, 50 Cal.4th 1389, 1401 (2010) (Three-year statute of limitations applies to 30-day waiting time penalty for failure to pay wages at time of termination under Labor Code § 203). From February 13, 2023, to March 16, 2026, **70,501** Package Handlers in California ended their employment with FedEx. (Hernandez Decl., ¶ 7.)

22.   Since February 13, 2023, the lowest minimum wage rate in effect in California was $15.50/hour, and is currently $16.90/hour. *See* California Department of Industrial Relations Website, https://www.dir.ca.gov/dlse/faq_minimumwage.htm. Plaintiff's hourly rate during the entirety of his employment was well above the minimum wage starting at $18/hour, and ending at $23/hr. (Hernandez Decl., ¶ 9.) Plaintiff worked, on average, 4 – 4.2 hours per day at FedEx. *Id*.

23.   Under California Labor Code § 203, maximum waiting time penalties for a particular employee equals his or her daily rate of pay multiplied by 30 days. *Turner v. Alclear, LLC*, 2025 U.S. Dist. LEXIS 44150, at *10, 11 (E.D. Cal. Mar. 10, 2025.) Plaintiff alleges "[a]ll Class Members are similarly situated in that they are all subject

FEDERAL EXPRESS CORPORATION 2601 MAIN STREET SUITE 1100 IRVINE, CA 92614

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

to [FedEx]'s uniform policies and systemic practices as specified herein." Complaint, ¶ 40. Based on Plaintiff's allegations of willful conduct, it can be assumed that all 70,501 former Package Handlers have a claim for waiting-time penalties. *See Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK (JCx), 2015 WL 2452755, at *6 (C.D. Cal. May 21, 2015) (finding that it is not unreasonable to assume a 100% violation rate at the maximum penalty of 30 days at eight hours because it is reasonable to assume a 100% violation rate); *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-CV-00222-JSC, 2014 WL 2199645, at *8 (N.D. Cal. May 27, 2014) (finding that "[s]ince Plaintiff alleges that each and every class member worked off the clock, all members of the subclass have a claim for waiting time penalties for the full 30 days.")

24.     Even if FedEx were to assume only 20% of the former hourly, Package Handlers during the relevant period—i.e., 14,100 (70,501 x 0.20)—have a claim for waiting time penalties, and these 14,100 Package Handlers were paid *only* California's lowest minimum wage of $15.50/hour and *only* worked 10-hour workweeks, the amount in controversy is: **$13,113,000** (14,100 employees x 2 hours per day x $15.50 per hour x 30 days = $13,113,000.) Additionally, this figure uses a minimum wage significantly less than Plaintiff's hourly rate ($15.50/hr. vs. Plaintiff's $23/hr.), and an average work week significantly lower than Plaintiff's average work week (10 hours vs. Plaintiff's 24 - 26 hours.)

## C. Plaintiff's Inaccurate Wage Statement Claim also is Sufficient to Meet the Amount in Controversy Alone

25.     Plaintiff's Sixteenth Cause of Action alleges FedEx violated California Labor Code § 226(a) by failing to provide accurate wage statements. Specifically, Plaintiff alleges FedEx "[a]s a pattern and practice, …FedEx did not and still does not furnish each of the members of the Wage Statement Class with an accurate itemized statement in writing accurately reflecting all of the required information" and Plaintiff and the Class is thereby "entitled to recover from [FedEx] up to the maximum of four

9

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

thousand dollars [per employee]." Complaint, ¶¶ 197, 200. Labor Code § 226(e)(1) sets forth that an employee who has suffered an injury as a result of a Labor Code 226 violation "is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each" subsequent violation, not to exceed an aggregate penalty of $4000. The statute of limitations for recovery of penalties under Labor Code § 226 is one year. Cal. Civ. Proc. Code § 340(a).

26.    Based on Plaintiff's various allegations of intentional and "willful" wage violations committed by FedEx and claims that FedEx engaged in a "a systematic scheme of wage abuse against their hourly-paid or non-exempt employees," it is reasonable to assume Plaintiff alleges a 100% violation rate for inaccurate wage statements. *See also*, Complaint, ¶1 99.

27.    FedEx pays its Package Handlers on a weekly basis. (Hernandez Decl., ¶ 9.) From February 13, 2023, to March 16, 2026, 86,321 Package Handlers in California received at least one paycheck. (Hernandez Decl. ¶ 8.) Plaintiff received 151 weekly pay checks during his employment with FedEx. (Decl. Hernandez, ¶ 9.) Assuming each of the Package Handlers receiving pay checks from February 13, 2023, to March 16, 2026, received *only* two inaccurate wage statements, the amount in controversy on this claim alone is **$12,948,150** ((86,321 x $50) + (86,321x $100)), far exceeding the amount-in-controversy requirement. As with the waiting time analysis above, this assumes a figure substantially lower than Plaintiff's own claims (2 paychecks vs. Plaintiff's 151 paychecks.)

28.    Plaintiff alleges several other claims for unpaid wages and penalties on behalf of herself and the putative class of *all* hourly, non-exempt employees from February 13, 2023, to present. Plaintiff also seeks an attorney's fees award. *See, e.g.,* Complaint, Prayer For Relief. In determining whether a complaint meets the amount in controversy requirement, attorney's fees are to be included. *See, e.g., Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Jasso v. Money Mart*

10

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

*Express, Inc.*, Case No. 11-CV-5500 YGR, 2012 WL 699465 (N.D. Calif. Mar. 1, 2012). Plaintiff's claims for waiting time penalties and/or inaccurate wage statements alone far exceed the amount in controversy requirement. Including Plaintiff's additional claims will drastically increase the amount in controversy.

**D.     There is Minimal Diversity Between the Parties**

29.     Removal pursuant to 28 U.S.C. § 1332(d) requires only minimal diversity. As such, FedEx need only show that any single class member is diverse from it. Complete diversity is not required. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-1021 (9th Cir. 2001); *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 119, 1202 (E.D. Cal. 2008) ("The CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant….")

30.     Plaintiff alleges he is an individual residing in California. Complaint, ¶ 14. FedEx's business records show that Plaintiff resided in Menife, California and worked at FedEx's facility in Bloomington, California. (Hernandez Decl., ¶ 9.) Thus, Plaintiff is domiciled in the State of California. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.")

31.     FedEx was incorporated in the State of Delaware on June 24, 1971. (Declaration of Shahram Eslami ("Eslami Decl."), at ¶ 3.) Since 1973, FedEx's corporate headquarters and principal place of business has been in Memphis, Tennessee. *Id.* FedEx's corporate headquarters is located at 3610 Hacks Cross Road, Memphis, Tennessee 38125. (*Id.*) FedEx, therefore, is a citizen of the states of Delaware and Tennessee for purposes of determining diversity of citizenship.

32.     Minimal diversity is established because named Plaintiff Joseph Gozalez and Defendant Federal Express Corporation are citizens of different states.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

### E.      There Are More Than 100 Class Members.

33.      As detailed, *supra*, paragraph 17, there are more than 100 class members.

### IV.      VENUE AND SUPPLEMENTAL JURISDICTION

34.      Venue lies in this Court because, as required by 28 U.S.C. § 1441, Defendants seeks to remove this case to the United States District Court for the Central District of California, which is the district court embracing the place where the state court action has been filed—i.e., San Bernardino County Superior Court. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, and 1446.

35.      In any civil action of which the District Courts of the United States have original jurisdiction, the District Courts have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy.

36.      Therefore, supplemental jurisdiction exists over the state law claims in this action. 28 U.S.C. § 1367(a).

### V.      NOTICE TO STATE COURT AND PLAINTIFFS

37.      Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiff's counsel of record. (Decl. Guy, ¶ 5.)

38.      In addition, a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the County of San Bernardino, California.

39.      Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by FedEx of any fact; of the validity or merits of any of Plaintiff's claims, causes of actions, and allegations; or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of FedEx's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Further, FedEx expressly reserves its right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted

12

by applicable law.

WHEREFORE, having provided notice as required by law, the above-entitled action should hereby be removed from the Superior Court of the County of San Bernardino to this Court.

DATED:  March 27, 2026                    Respectfully submitted,


By: */s/ Wanja S. Guy*
    Wanja S. Guy
    Attorney for Defendant,
    FEDERAL EXPRESS CORPORATION

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL
OF CIVIL ACTION TO FEDERAL COURT

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

## CERTIFICATE OF SERVICE

*Joseph Gonzalez v. Federal Express Corporation, et al.*
U.S. Central District of California Court Case No.: 5:26-cv-01498

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614.

On March 27, 2026, I served the within document(s): **DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☒ With the Clerk of the Court for the United States District Court-Central District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth below.

☐ by transmitting via email the document(s) listed above to the email address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

Christina M. Lucio, Esq.
Mitchell J. Murray, Esq.
Nicholas W. Schieffelin, Esq.
EMPLAW, LLP
2235 Encinitas Boulevard, Suite 210
Encinitas, CA 92024
christina@emplawllp.com ; mitchell@emplawllp.com ; nick@emplawllp.com
Attorneys for Plaintiff, JOSEPH GONZALEZ

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 27, 2026, at Irvine, California.

/s/ Marissah Lopez
Marissah Lopez

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

14

DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT